Good morning. Good morning, Your Honor. Claudio Iannitelli appearing on behalf of Delta Mechanical. You have 15 minutes. And, Your Honor, I would seek to reserve four of that for rebuttal. Four? Yes. Okay, thank you. Proceed. Your Honor, after the first trip up here and we received the memorandum decision, this Court indicated that Delta Mechanical should be given the opportunity to go back and attempt to establish that there was a direct payment obligation from the tank manufacturers to Delta Mechanical. What's interesting about the district court decision is that in remand, the trial judge finds that, in fact, not only did the contract, and by the contract I mean the class action settlement, but also the extrinsic evidence that we presented after discovery, establish an absolute direct payment obligation from the tank manufacturers to the approved plumbers. Well, my understanding is on that it was 12B6 the first time, I guess. It was. It was. And the court said, no, too early. We'll see you back on summary judgment. Maybe yes, maybe no, but so it's not, it doesn't mean that summary judgment isn't appropriate. It doesn't mean that, it doesn't, it doesn't tie our hands essentially. Completely agreed. But the legal point of the memorandum decision, and which is the legal point and the critical point of Missouri law, which is what applies, is was there a direct obligation running from, in this case, the tank manufacturers to the approved plumbers? Well, so it's Missouri law, correct? And you're trying to prevail that you're a third-party beneficiary, correct? Correct. And tell me if I'm wrong. Under Missouri law, aren't there three different categories of third-party beneficiaries, donee, creditor, and incidental beneficiaries? Correct. And so how does that affect our analysis, and which one do you say you are? Well, the incidental beneficiaries do not have a right to seek to enforce a contract as we do here, okay? So you're not that. We're not. You're not saying that. What we have argued, and where I think it best fits Missouri law, is the donee beneficiary. And if you take a look at the Midwestern construction case, which is cited in the brief, and it's 782 Southwest 2nd, 682, that's a case where you had a construction contract under a federal contract. It was a contract between a general contractor and the subcontractor. And in that contract, the subcontractor agreed that they would make payment of any material supplies from another party, material suppliers, that ended up going on to the job. It did not identify who the suppliers would be. It merely said, any supplies that are incorporated into the project, we will pay. The subcontractor then contracts with who in the construction industry is known as a sub-subcontractor or a second-tier subcontractor, who then went and purchased materials from a supplier, which ultimately were incorporated into the project, was not paid. The supplier was allowed to be a donee beneficiary under the contract between the general and the subcontractor, and enforced payment by the subcontractor to that supplier. Well, now, so, but is it your contention that the parties to the settlement agreement intended Delta to be a beneficiary under the agreement? As well as that. And the trial court finds the direct... That is your contention. So, what's the evidence of that? The evidence of that is the settlement agreement does not exist but for the approved plumbers coming in. Delta Mechanical, as many others, was qualified through a payment application to become an approved plumber. The contract then specifies that an approved plumber will be paid directly by the manufacturer. It will be paid within 30 days. It will be paid, and we don't dispute that there are conditions. I guess, but doesn't, yeah, but doesn't the certificate system itself reflect that the conditional nature of the obligation that ran from the defendants to the class members, let alone to Delta? Your Honor, we do not say that we get to bypass the conditions. But what I'm suggesting is that whether or not one is a third-party beneficiary is not a, the hurdle that we have to overcome is not whether or not there are conditions that will be met. The trial court, the district court's decision is that Delta has absolutely no basis upon which it can ever claim to be a third-party beneficiary and therefore can never ever seek payment if it was not paid for whatever the reason may be. There may be good reasons why Delta should not be paid or all or part of the money. We just say we get a chance to go prove that. Let's look at how the contract is worded. The homeowner, the class member homeowners, were entitled to have, by the responsibility of the tank manufacturers, to have an approved plumber go to their home and make a change. But once the change of this dip tube happened, once that occurred, the payment obligation was irrelevant to the homeowner. The homeowner could care less and would not have standing to sue because all they could seek under the replacement portion, there was another portion related to if you had property managed, you can seek a claim. But for those who had not had their dip tube replaced, all they were entitled to have was the work performed. The payment responsibility is then direct from the tank manufacturers, the class action defendants, to the approved plumber. So if you do not give Delta Mechanical third-party beneficiaries standing, effectively nobody, nobody has the right to seek that part. I understand they're out $500,000, but why isn't this just an instance where, I guess they got paid about $3 million, but then that they were incorrectly operating on the idea that the fund was not going to run out, and the fund ran out, and then here we are. And they just decided, well, hey, we're going to do the business because we think the fund is, you know, it's never going to run out. And so you did work without certificates and just assumed that Delta assumed it would get paid, but now the only way Delta can get paid is to be a third-party beneficiary. Well, I think that actually skips the whole issue. Whether or not... I'm just trying to decide how to write the opinion that you want, that, you know, how do you legally get to be a third-party beneficiary because that's the only way you get paid, right? It is, but that's only, not necessarily because there isn't money. We don't know why it wasn't paid. We're not clear on that. At some point, it was the administrator of the fund conveyed that the money had run out. Now, was that merely a function of writing another check? The reference is to this. There was a time limit to the performance of the work, and that's not an issue here. So the opinion that I want is one that says that if for any reason a approved plumber was not paid, who was the party that had the right to seek recourse? And what I am suggesting to this Court that if not the approved plumber, then it would be nobody because clearly the class members had no standing to do that because they were not entitled to receive a check. And there is a direct obligation, and what I am suggesting is that the conditions upon which the district court relied, maybe the elements of payment, maybe how much might be recoverable, perhaps all, perhaps none, perhaps somewhere in the middle, but it doesn't prevent Delta from going in and seeking to establish it. So you weren't the only person that was doing this work, right? Correct. So all of the other people that if they got approved to do this work, then they're, even if they hadn't gotten approved to do the work before the contract was signed, they're all now third-party beneficiaries? The approved, all the approved service plumbers, the approved service personnel that were entitled to payment under the contract had specified how much they were to be paid, for what work and when, and what did they need to do to receive that payment. For example, they had to return the dip to. And they're donor beneficiaries, not incidental beneficiaries? They're not incidental because the obligation, let me tell you what I would think an incidental beneficiary would be. The class action settlement said, homeowners, if you have a defective dip tube, we're going to reimburse you $95 for a dip tube and $185 if you get a system flush and the dip tube change. So here's your $185 or $95, whatever it might be. And by the way, there is three or four people in your area that you may call who might do the work for you at that price. But, of course, you can have your own regular plumber do it, but, hey, we're just sending you a check and you deal with them. That's not this case. In this case, the homeowners could only have the work performed, could not seek payment, and it was by an approved plumber. Delta was such an approved plumber. Your Honor, if conditions are essentially, if conditionals of the type we're speaking about here is what makes or breaks the entitlement to be a third-party beneficiary, then in what instance would there ever be a case where one could claim to be a third-party beneficiary as a result of being a member of a class? Under Missouri law, which is the law in most places I understand it, one need not be specifically identified, say by name, to be a third-party beneficiary, but you must be a member of a class. Can I focus you on just a small part of this? As I understand it, the Missouri courts have not yet determined whether a conditional promise can confer third-party beneficiary status on someone such as your client. Is that your understanding as well? That is my understanding as well. There's not been a single case that denies it. So basically, they haven't said it's okay either, but basically we get back to the restatement then, right? That's our position. So you're asking us to divine what the Missouri Supreme Court would determine in this situation? I would, but they have already adopted the restatement. No, I understand that, but I mean they haven't adopted it in Hike-Verba. That's something they frequently refer to, right? It's not part of their code. Correct. Correct. So what you're saying is they refer to it, but you are indeed asking us to make a determination under Missouri law of what the Missouri Supreme Court would do in this situation? Yes. Is this something we should refer to the Missouri Supreme Court, certify a question to them? I had not thought about that, Your Honor, but we're clearly dealing with that, other than I would point out that they have adopted the restatement. The restatement, the sections we cite in our brief do specifically address the context of conditions in terms of third-party beneficiary rights. So we think it's already in the code, it's been adopted. And again, by virtue of already allowing unidentified classes or being the member of a class, I think they have already done so. If you take a look at the case that I mentioned initially, the Midwestern case, in that case the allowed third-party beneficiary was not identified. It was simply an unpaid supplier to the job. But they did not become identified until the subcontractor hired the sub-sub, who in turn purchased materials from the supplier, who in turn supplied them to the job, and who in turn was not paid. So I think that has been decided by the prior case, if not directly, implicitly. And unless there are questions, I'll reserve the rest of the time. Does Missouri have a procedure for certification of questions from the Federal Court, do you know? I do not know, Your Honor. Okay. Thank you. Good morning. Good morning, Your Honors. May it please the Court. My name is Ken Brendel, and I am here on behalf of the Appellee's Garden City Group and the various water tank manufacturers. Any reason why this case couldn't settle? Does it pay the litigator case in Federal Court for $500,000? I mean, I never thought it did, but obviously people do do it. But I'm just curious. There was actually prior to my involvement, I believe Mr. Anatelli was involved at the time, an attempt was made. It was unsuccessful. Since that time, we have been here before the Ninth Circuit once, and this is our second time here. The first time we were here on a variety of issues, and here today we're here on the third-party benefits. And I assume the counsel fees have close to eaten up $500,000. Unfortunately, not on our side, at least. I'm not sure where Mr. Anatelli stands, but not on our side. Perhaps that's a goal. Hopefully not. The position the water tank manufacturers and the appellees have taken in this matter is that we don't get to the point where Delta has argued here today. The starting point for the Missouri law that this case is being decided upon starts with the presumption that the parties contract for themselves, that there has to be an express declaration for that third party to become a third-party beneficiary. And what do you mean by that? It means that HAC VRBA has to state you're a third-party beneficiary? Well, what the cases that we've cited in the response brief set forth is that in order to rebut the presumption that the parties have contracted only for themselves, that in order to rebut that presumption, it essentially amounts, the rebuttal must be so strong, the evidence must be so strong, that it essentially amounts to an express declaration for the benefit of that third party. In essence, that the parties intended to, there must be a clear intent to benefit that third party. As is set forth in the Chmielewski v. City Products Corporation matter found at 660 Southwest 2nd, 275. It's a Missouri Court of Appeals matter from 1983 set forth in our brief. It must be shown that the benefit to the third party was the cause of the creation of the contract. Well, let me ask you this, counsel. My understanding of the facts are that these folks were paid with respect to the work that was done where there was compliance with the condition precedent, right? There was some kind of a certificate or something that had to be filled out. Is that correct? Correct. There was a protocol that was to be followed. The protocol they got paid. So clearly, as to that portion of it, you acknowledge, your client acknowledged an obligation. They and others got paid. So the real dispute here is what happens when the protocol is not followed? They claim they did the work. Do you dispute that they did the work? We don't know. Okay. So never been any discovery. You don't have any sense of whether they did it or not? No. There has been some quite extensive discovery. One of the problems with this case is that a lot of this work was done approximately 15 years ago, 13, 14 years ago. What was provided to us was a list from Delta of approximately 2,611 claims that they claimed were remaining unpaid. We have a dispute over the number. But Mr. Tony Kitchikoff, the president of Delta Mechanical, was deposed. His sworn testimony was the vast majority of those claims were done prior to the certificate being issued to the consumer. Because, as Mr. Kitchikoff stated, if the consumer would have had the certificate, we would have had the certificate, we would have been paid. But part of the problem here is that over the last 13, 14, 15 years, people have moved, people have forgotten. They may have replaced their water heater multiple times since then. So in an effort to try to track down a lot of these people who actually filed for the benefits or didn't file for the benefits but are on this list of 2,600 claims, they can't be located. So in other words, Delta has said, we did work for these people, 2,500 or whatever it is. There's a list, addresses presumably, this is what we did. You don't know whether they did it or they didn't do it. But your position is, when you comply with the protocol, we pay you. When you don't comply with the protocol, we're not going to pay you. So end of story. Here we are now with a question of law that has not yet been officially resolved by the Missouri Supreme Court or any other court of appeal in Missouri. Opposing counsel says that Missouri has adopted the restatement. Do you agree with that? And in what sense has it been adopted? I believe in the sense that that is what they look to for precedent in order to resolve matters such as this. Okay. So if that's the case, I gather you would agree that the restatement says and particularly the second indicates that a conditional promise may confer a third-party beneficiary status on a third party prior to the occurrence of a condition. Do you agree with that on Chapter 14? With the keyword there being may. Yeah, right. I understand. But then that's a question of proof. But do you agree as a matter of concept that the failure to comply where there's a conditional promise you can have third-party beneficiary status? I believe you could. Okay. So how are we supposed to resolve this at this point? It seems to me you're saying he's saying that the restatement controls. The restatement seems to contemplate this kind of a situation. At least tentatively that's what it looks like to me. What you've got here is a proof problem. Maybe. What do you want us to do? I mean, we can make a declaration as to what we think Missouri might do. It's about all we would be doing. But at the end of the day, all that does is to put you all back in the situation of going to trial to try to prove up. If you're a third-party beneficiary, you still have to prove that you provided the consideration contemplated by the contract to which you are a beneficiary, right? Correct. And I believe you hit the nail on the head by saying if you are a third-party beneficiary. And I think where we're asking the court to go is to make that initial determination that Delta is not a third-party beneficiary. I guess that's what's confusing me. I thought you said that Missouri follows the restatement. My reading of the restatement second, I think it's Chapter 14, is that a conditional promise is sufficient to confer third-party beneficiary status on a party. So if that's right, then they would qualify as third-party beneficiaries. The nature of that right and the recovery under that right is an entirely different matter. What I'm asking you is if we follow the restatement and we do what I gather they're asking us to do, then where does it leave us? It seems to me you're right back in the soup again. Or as Brother Corman pointed out, the $500,000 in dispute here is lost in the legal fees that John Grisham always bemoans in his novels. Is that what we've got here? Well, I think ultimately if this case is remanded back down for trial, then we are in the position of having to go through and require Delta to prove up each and every one of the 2,611 claims to figure out if the claims protocol was followed. That would apply even if there is third-party beneficiary status, right? I'm sorry? That's what you'd have to do. That's what they would have to do even if there is third-party beneficiary status, right? Well, I believe as their claim they would have to prove up each and every one. Right. The fact that the certificate requirement was waived in some instances demonstrate an understanding between the parties that it was no longer required, and does that dispute preclude summary judgment here? No, Your Honor. The testimony from Duane Thorne, the representative from Garden City Group, explicitly testified that no such requirement was ever waived. What we have from Delta are the two, as we termed them in our response brief, that they're self-serving affidavits from two secretaries who allege that 10, 11, 12 years ago, I recall having a conversation with someone at Garden City Group, and they knew we were doing it. Yes, but these, as I understand what the district judge said, that all of these issues of fact are irrelevant because he found they're not third-party beneficiaries, and therefore it remains to be resolved. The only question that we have to decide is whether they're third-party beneficiaries based on whether or not you can be a third-party beneficiary if your right to recover is conditional. And if we accept your adversary's argument and this case goes back to the district court, I mean, you still don't think that this case should be mediated? Assuming we decide that the possibility that we decide under the restatement, would you say governancy or a third-party beneficiary can recover, notwithstanding the fact that it's conditional? Ultimately, if the case is remanded, I'm sure settlement would be an option that would be discussed. But you're not interested in discussing it here with the mediator? As in here today? No, I mean today. I mean in the Ninth Circuit. Well, if potentially that's where the case winds up, that may be an option that is discussed. It winds up after it goes back to the district court again for a trial and it comes back up here. Well, hopefully not. Okay. But the position — I think the point is are both of you adequately nervous at this point that going to a mediator would be a good time before this Court renders its decision? I don't believe so, Your Honor. Because I believe that the third-party beneficiary status is key to this. With the fact that what Missouri law sets forth is in order to be a third-party beneficiary, that contract had to have been drafted to specifically benefit Delta. So, in essence, what Delta is asking this Court to determine is that the water tank manufacturers and the consumer class and the class action settlement that was long before either of our involvement, that they got together and essentially said there's a whole list of plumbers nationwide who need work, so let's figure out something to do so we can benefit those plumbers. But, counsel, I find this kind of circular. I think you said that Garden City had previously paid Delta and other plumbers who complied with the certification requirement. So there was a contract. There was an agreement that these people were going to be paid if the certificate was done. So that's a condition precedent. The question is, if the condition precedent is not satisfied, do you still have an obligation to pay them? Under the restatement second, apparently you do. So there is a contract. There probably is such a right. You still have to prove it up. They have to prove it up. But, you know, I don't think you can have it both ways. You can't say we had an agreement to pay them if they had the certificate, but if they didn't follow the condition precedent here, we don't have an agreement because that's not what the restatement says, arguably. Isn't that correct? It would appear as though then I misunderstood your question from several minutes ago. Okay. No. The argument that we had put before Judge Sedgwick was that the – well, Judge Sedgwick agreed with the argument that we put forth, that based on his interpretation of the contingent possibilities, that they could not reach third-party beneficiary status.  As I said, it appears I misunderstood your question. Do you agree that he was wrong? No, no. I agree Judge Sedgwick was correct in his analysis. I just apologize. I obviously misunderstood the question. How do you square that with the restatement? As I stand before you, I'm not sure. What I have simply gone back to is the Missouri law, the Court of Appeals law, that then goes through the definition of a third-party beneficiary. My understanding was that was prior to – or that was the argument or the analysis Judge Sedgwick took prior to determining whether or not they were a third-party beneficiary. I may have misunderstood. Okay, but I guess you're here because you want us to answer the question of whether there is third-party beneficiary status conferred on Delta and others under Missouri law. You have told us, both of you, that Missouri follows the restatement. You've also told us that Missouri has no direct case on point that answers this question. So what I'm telling you, at least for me, is that you have a contract before. They got paid if they had the certification. That's a condition precedent. They didn't always follow the condition precedent with respect to these roughly 2,500. But there's still a concept that they were going to get paid if they followed. Under the restatement, the fact that a condition precedent hasn't been followed doesn't eliminate third-party beneficiary status. Now, again, they have to prove it up, and we all agree on that. I guess what I'm saying is how could it be any other way than that they do have third-party status given what you have conceded? Well, and again, that goes back to my point. I believe that I misunderstood your question. I certainly did not mean to concede that based on what has transpired here, Delta is already determined to be a third-party beneficiary under the terms of the settlement agreement. What Missouri law says, and I understand I'm out of time here, what Missouri law says is you look to the four corners of the contract. And there is Missouri case law set forth, as we have in our response brief, several cases. Kansas City Hispanic Association, the Executive Board of the Missouri Baptist Convention, JTL Consulting, in which third parties were specifically identified in a contract, in an agreement. And the courts there found no third-party beneficiary status for a variety of reasons. So ultimately what Missouri courts held was that even though a party may be named in a contract, that does not automatically confer third-party beneficiary status on that party. The way I understand Missouri law to be that if it's not named, it can't be. They also, correct, Your Honor. They also did say a party need not be named in order to be. I don't quite follow the significance of what you just said, but I have no more questions. Okay.  Thank you. Thank you. Are there any specific questions? I think the point that it is a circular argument has been what we've been saying. You cannot deny a third-party beneficiary status because clearly there was a direct payment obligation. The intent to pay is what we established. The judge recognized it. And under the restatement, the conclusion has to be that we were entitled to the status. Now, do we have a proof issue? Is it a proof case? Absolutely. There is not a summary judgment was not filed on the basis of that. We have serial numbers. We have parts that were mailed in, dip tubes, and people to testify. And whether we prove it or not, that should be our burden. Thank you. Well, what do you think about mediating? I think that we would do anything rather than go back to the district judge. So we would be very open to mediating. He's always spoken highly of you. Yes. Well, I mean, I don't know what the panel is going to decide. And we haven't conferred about this previously. But if I were just to fly on the wall, I would be a little concerned if I were both of you at this point. We recognize we have a challenge no matter what happens before the score. Obviously, we're dead if it doesn't go our way. But if we go beyond here, we are very aware of our challenge. All right. Thank you both. Thank you.
judges: Korman, Callahan, Smith